IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL D'AMBROSIA,  :
    Plaintiff  :
      v.  : Case No. 3:21-cv-117-KAP
CORRECTIONS OFFICER RIDDLE,  :
*et al.*,  :
    Defendants  :

## Memorandum Order

Defendants filed a motion for summary judgment, ECF no. 19, which has been fully briefed. It is granted in part and denied in part as more fully explained below.

The plaintiff's claims are based on two incidents during his confinement at S.C.I. Houtzdale. Addressing the second incident first, plaintiff agrees, *see* ECF no. 24 at 1, to dismissal of any and all claims arising out of the September 11, 2019 cell extraction. Summary judgment is therefore granted to defendants Kelly and Smith, and the complaint is dismissed as to the John Doe defendants.

The first incident took place on July 16, 2019: defendants Riddle, Patrick, Korb, and Gardener left plaintiff, who was on "razor restriction" and therefore needed to be briefly confined somewhere other than his cell while his cellmate shaved, locked in a small prison shower area for about ten hours overnight. According to plaintiff, this treatment was knowing and deliberate because he was calling and attempting to use the call button to call corrections officers to return to his cell, other inmates in the RHU were bringing his confinement to the attention of the corrections officers, and during the course of the evening before the end of their shift at 10:00p.m. the defendant corrections officers looked in on him several times. Depo. at 22-25. Also according to plaintiff, he suffered no physical injury, but he had pre-existing anxiety issues and being left in the shower for ten hours caused him additional anxiety. Depo. at 29-30. There is a dispute of fact about whether plaintiff was handcuffed while confined overnight that on this record a jury could resolve in plaintiff's favor. Depo. at 69.

Summary judgment is denied to defendants Riddle, Patrick, Korb, and Gardener as to the claims arising from the July 16, 2019 incident. There is enough evidence of their gratuitous use of corporal punishment to permit a jury to return a verdict for nominal damages under <u>Hope v. Pelzer</u>, 536 U.S. 730, 742-43 (2002) and its progeny.

What additional damages are recoverable under the PLRA is an obvious and important issue. The parties should address that in their pretrial statements, which can

be filed on or before January 31, 2023. If after conferring counsel think a Zoom conference to discuss settlement or referral of this matter for a settlement conference, trial issues, or the scheduling of trial would be helpful before then, they should contact my courtroom deputy to schedule one in early January 2023.

DATE: December 13, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record